**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MICHAEL WOOD,<br><br>Plaintiff,<br><br>vs.<br><br>CHARLES KING, *et al*.<br><br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Case No. 2:26-cv-327<br><br>District Judge Algenon L. Marbley<br>Magistrate Judge Peter B. Silvain, Jr. |

## REPORT AND RECOMMENDATION[1]

Michael Wood, a state prisoner proceeding *in forma pauperis* and without the assistance of counsel, has filed a civil rights action in this Court arising from a search of his cell/dorm. This matter is before the undersigned for an initial screening of the Complaint as required by law. 28 U.S.C. § 1915A(a); 28 U.S.C. § 1915(e)(2). For the reasons that follow, the undersigned **RECOMMENDS** the Complaint be **DISMISSED** in its entirety.

**I. Initial Screening Standard**

Because Plaintiff is a prisoner seeking "redress from a governmental entity or officer or employee of a governmental entity" and is proceeding *in forma pauperis*, the Court is required to conduct an initial screening of his Complaint. 28 U.S.C. § 1915A(a); 28 U.S.C. § 1915(e)(2). The Court must dismiss a complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b) and 1915(e)(2).

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendation.

To state a claim for relief, a complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court must construe a complaint in plaintiff's favor, accept all well-pleaded factual allegations as true, and evaluate whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). However, a complaint that consists of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient. *Id.* (quoting *Twombly*, 550 U.S. at 555).

In the interest of justice, this Court is also required to construe a *pro se* complaint liberally and to hold it "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) and citing Fed. R. Civ. P. 8(f) [now (e)]). Even with such a liberal construction, a *pro se* complaint must still adhere to the "basic pleading essentials." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Specifically, a *pro se* "complaint 'must contain either direct or inferential allegations respecting all the material elements' to recover under some viable legal theory." *Barhite v. Caruso*, 377 F. App'x 508, 510 (6th Cir. 2010) (quoting *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

## II. Parties and Claims

Plaintiff Michael Wood is an Ohio prisoner currently incarcerated at the Southeastern Correctional Institution; however, the events giving rise to this action occurred at the London

Correctional Institution (LoCI) in London, Ohio. (Doc. 1-1, *PageID* 10). Plaintiff names the following four individuals as Defendants: C. King, Special Response Team squad commander; T. Venable, Institutional Inspector; J. Reeves; and D. Caughman, Deputy Warden of Operations. *Id.* He sues all Defendants in their individual and official capacities. *Id.*

Plaintiff alleges that on April 29, 2025, the LoCI Special Response Team conducted a search of the C-2 dorm where his bedding area/cubicle was located. *Id.* at 10-11. Plaintiff characterizes the search as a "maliciously motivated" and "pre-planned conspiracy" intended "to harass, humiliate, torment, annoy and abuse." *Id.* at 10. Several paragraphs of the Complaint detail the condition of the dorm following the search, including allegations the dorm was ransacked and searched in an "egregious" manner. *Id.* at 11. Plaintiff alleges his sleeping matt was stripped of clean bedding, his clean clothing was unfolded and tossed on the dirty floor, his legal materials were stepped on and damaged, laundry detergent was dumped into his food bowls, his bars of soap were opened and thrown on the floor, a new tube of toothpaste was stepped on causing it to rupture, and several packages of ramen noodles were busted open and leaking. *Id.* at 12.

Based on the above search, Plaintiff sues Defendants for one count of "civil conspiracy" and one count of "malicious motivated search" in violation of the Fourth, Eighth, and Fourteenth Amendments. *Id.* at 15. He seeks declaratory and injunctive relief, as well as punitive and compensatory damages in the amount of $1,000,000. *Id.* at 9.

## III. Discussion

For the reasons that follow, the Complaint should be **DISMISSED** in its entirety. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

First, a § 1983 civil conspiracy "claim" is not a separate cause of action but "exists only where the plaintiff has established a separate and actionable constitutional injury." *Rapp v.*

*Dutcher*, 557 F. App'x 444, 450 (6th Cir. 2014). Throughout the Complaint, Plaintiff alleges that Defendants engaged in a "pre-planned conspiracy" to conduct a "maliciously motivated search ('shakedown')" of his cubicle in order to harass and abuse him. However, Plaintiff fails to plausibly allege the existence of any underlying constitutional violation in connection with the search and therefore he cannot succeed (or proceed) on a civil conspiracy claim. *See, e.g., Wiley v. Oberlin Police Dep't,* 330 F. App'x 524, 530 (6th Cir.2009) ("[Plaintiff] cannot succeed on a conspiracy claim because there was no underlying constitutional violation that injured her.").

The Court is sympathetic to Plaintiff's frustration over the alleged search and shakedown of his dorm which led to the damage of some of his personal property. However, the Fourth Amendment does not provide him with a plausible cause of action. The Fourth Amendment's prohibition against unreasonable searches and seizures "does not apply within the confines of the prison cell." *Hudson v. Palmer*, 468 U.S. 517, 526-28 (1984) ("A right of privacy in traditional Fourth Amendment terms is fundamentally incompatible with the close and continual surveillance of inmates and their cells required to ensure institutional security and internal order"). *See also Tubbs v. Haggagi*, No. 1:25-CV-782, 2026 WL 1064392, at *14-15 (W.D. Mich. Apr. 20, 2026) (applying *Hudson* and finding Fourth Amendment does not protect against seizure of legal materials within a prisoner's cell); *Montanez v. Salinas*, No. 221CV11645, 2022 WL 163615, at *3-4 (E.D. Mich. Jan. 18, 2022) ("Prison cell searches are a critical part of prison security and prisoners do not have a protected liberty interest to be free from cell searches.").

Additionally, Plaintiff's allegation that his cell was searched to harass him does not rise to the level of an Eighth Amendment violation. To state an Eighth Amendment claim for cruel and unusual punishment, an inmate must show that he has been subject to the "unnecessary and wanton infliction of pain" or has been deprived "of the minimal civilized measure of life's necessities."

*Rhodes v. Chapman*, 452 U.S. 337, 346-47 (1981). Here, Plaintiff has not plausibly alleged conduct that rises to that level. "Frequent cell searches alone, while perhaps annoying, do not present a danger to the inmate's health or safety and do not implicate the Eighth Amendment." *King v. Fender,* No. 1:22-cv-1372, 2022 WL 17082065, at *3 (N.D. Ohio Nov. 18, 2022). *See also George v. Ballard*, No. 17-5161, 2017 WL 7550768, *2 (6th Cir. Aug. 23, 2017) ("We have consistently recognized that harassing behavior from prison officials does not alone rise to the level of cruel and unusual punishment."); *Tubbs*, 2026 WL 1064392, at *16 (finding "numerous shakedowns of [plaintiff's] cell, some of which led to the destruction of some of his personal property" does not rise to the level of cruel and unusual punishment that violates the Eighth Amendment); *Montanez*, 2022 WL 163615 at *3-4 ("[E]ven if Plaintiff's allegation that defendant Myers . . . searched his cell four times over two months leaving it in disarray and damaging his property (hygiene items/soap, pictures) to harass him is true, such conduct, while unprofessional, is insufficient to establish cruel and unusual punishment under the Eighth Amendment"); *Roper v. Johnson*, No. 2:19CV02061, 2020 WL 224601, *2-3 (N.D. Ohio Jan. 15, 2020) (dismissing prisoner's claim that search of his cell and destruction of his property constituted cruel and unusual punishment).

To the extent Plaintiff asserts that his Fourteenth Amendment due process rights were violated because his cubicle was left in disarray and some of his hygiene items or other property was damaged, he fails to state a claim upon which relief may be granted under § 1983. The negligent or intentional deprivation of a prisoner's property does not violate procedural due process if adequate state remedies are available to redress the wrong. *See Hudson*, 468 U.S. at 533. *See also Jefferson v. Jefferson Cnty. Pub. Sch. Sys.*, 360 F.3d 583, 587-88 (6th Cir. 2004) ("If satisfactory state procedures are provided in a procedural due process case, then no

constitutional deprivation has occurred despite the injury."); *Fox v. Van Oosterum*, 176 F.3d 342, 349 (6th Cir. 1999) (noting "state tort remedies generally satisfy the post-deprivation process requirement of the Due Process Clause"). This means that a plaintiff "must plead and prove that state remedies for redressing the wrong are inadequate." *Vicory v. Walton*, 721 F.2d 1062, 1065-66 (6th Cir. 1983). Plaintiff does not allege any reason why a state-court action would not afford him complete relief for the deprivation, either negligent or intentional, of his personal property, and he therefore fails to state a claim for relief under the Fourteenth Amendment.

Finally, even where a plaintiff sufficiently alleges a constitutional injury, he must plead civil conspiracy "with particularity, as vague and conclusory allegations unsupported by material facts are insufficient." *Jackson v. Surety*, No. 2:23cv133, 2024 WL 833462, *15 (W.D. Mich. Feb. 28, 2024) (citing *Twombly*, 550 U.S. at 555). Conclusory statements of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983. *See Iqbal*, 556 U.S. at 678-79; *Twombly*, 550 U.S. at 555. Construing the Complaint liberally, Plaintiff fails to set forth any facts plausibly alleging an agreement by Defendants to violate his civil rights.

Second, the Complaint should be dismissed because Plaintiff fails to allege how each named Defendant was personally involved in the events described in the Complaint. "It is well settled that a defendant cannot be held liable under 42 U.S.C. § 1983 for alleged constitutional violations absent a showing that the defendant was personally involved in some manner in the allegedly unconstitutional conduct." *Williams v. Hodge*, No. 3:08-cv-387, 2009 WL 47141, at *3 (M.D. Tenn. Jan. 7, 2009) (citing *Hardin v. Straub*, 954 F.2d 1193, 1196 (6th Cir. 1992)). A plaintiff suing several defendants must describe in the complaint how each defendant violated his or her rights. "The Sixth Circuit 'has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege . . . facts that

demonstrate what *each* defendant did that violated the asserted constitutional right.'" *Reid v. City of Detroit*, No. 18-13681, 2020 WL 5902597, at *6 (E.D. Mich. Oct. 5, 2020) (quoting *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008)). "Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under § 1983." *Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004). Thus, "[w]here a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to pro se complaints." *Catanzaro v. Harry*, 848 F. Supp. 2d 780, 791 (W.D. Mich. 2012). That is the case here.

Third, to the extent Plaintiff alleges Defendants violated state law or ODRC policy in conducting the search (*see* Doc. 1, *PageID* 11-13, ¶ 14-15, 21, 24, suggesting Defendants violated unknown ODRC policy), § 1983 does not provide a remedy for alleged violations of state laws or regulations. *See Williams v. Burgess*, No. 5:21-cv-99, 2021 WL 5816830, at *4 (W.D. Ky. Dec. 7, 2021) (citing *Laney v. Farley*, 501 F.3d 577, 580 n.2 (6th Cir. 2007)) ("The purpose of § 1983 is to remedy violations of federal law, not state law."). Thus, "Defendants' alleged failure to comply with [a state] administrative rule or policy does not itself rise to the level of a constitutional violation." *Williams v. Burke*, No. 2:08-cv-123, 2009 WL 1788374, at *1 (W.D. Mich. June 18, 2009) (collecting cases). Any claim that Defendants violated ODRC policy or state law should therefore be dismissed.

Fourth, all claims for monetary damages against any Defendant in his official capacity should be dismissed as barred by the Eleventh Amendment. *Maben v. Thelen*, 887 F.3d 252, 270 (6th Cir. 2018). "While personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law, individuals sued in their official capacities stand in the shoes of the entity they represent." *Alkire v. Irving*, 330 F.3d 802, 810 (6th

Cir. 2003) (quoting *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)) (cleaned up). Thus, "[a] suit against an individual in his official capacity is the equivalent of a suit against the governmental entity." *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (citing *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 68 (1989)). Here, an official capacity claim against the named Defendants is the same as bringing a claim against the State of Ohio.

Claims for damages against the State of Ohio are barred by the Eleventh Amendment, which "denies to the federal courts authority to entertain a suit brought by private parties against a state without its consent." *Maben*, 887 F.3d at 270 (quoting *Ford Motor Co. v. Dep't of Treasury of Indiana*, 323 U.S. 459, 464 (1945)). "The [United States Supreme] Court has held that, absent a waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court." *Id.* (quoting *Graham*, 473 U.S. at 169). Further, "because Ohio has not consented to suits in federal court nor has Congress abrogated Ohio's immunity under § 1983," the State of Ohio has immunity for claims against it. *Smith v. DeWine*, 476 F. Supp. 3d 635, 652 (S.D. Ohio 2020) (citing *Ohio v. Madeline Marie Nursing Homes # 1 & # 2*, 694 F.2d 449, 460 (6th Cir. 1984)). This immunity "extends to state officials sued in their official capacity" for monetary damages, such as is pursued here. *Smith v. DeWine*, 476 F. Supp. 3d at 650-51. Accordingly, Plaintiff's claims for monetary damages against Defendants in their official capacities should be dismissed.

## IV. Conclusion

Based on the foregoing reasons, the undersigned concludes that Plaintiff's Complaint should be **DISMISSED**.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The Complaint be **DISMISSED** in its entirety; and

2. The Court **CERTIFY** under 28 U.S.C. § 1915(a)(3) that, for the foregoing reasons, an appeal of any Order adopting this Report and Recommendations would not be taken in good faith and therefore **DENY** Plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

October 21, 2026

*s/Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Magistrate Judge

## PROCEDURE ON OBJECTIONS

Pursuant to Fed. R. Crim. P. 72(b), **WITHIN 14 DAYS** after being served a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).